UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID DOUGLAS McCLOY,

      Petitioner,                         Case No. 5:06-cv-04

v                                        HON. JANET T. NEFF

MARY BERGHUIS,

      Respondent.
_____/


## OPINION

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a 39-page Report and Recommendation on July 17, 2008, recommending that this Court deny the petition for the reason that Petitioner's claims are "palpably meritless."  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

      Petitioner objects to the Magistrate Judge's decisions regarding (1) ineffective assistance of counsel, including defense counsel's failure to present a self-defense claim, failure to present expert testimony needed to establish his version of the shooting, and drugging him during the trial, an apparent reference to Petitioner's initial incompetency to stand trial; (2) prosecutorial misconduct,

including the offer of perjured testimony of witnesses; and (3) insufficiency of the evidence. Petitioner requests oral argument regarding his objections.

The Court dispenses with Petitioner's request for oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument will not further assist the Court in making a determination.

The Magistrate Judge reviewed Petitioner's habeas corpus petition with great detail and properly determined that Petitioner's allegations of ineffective assistance of counsel were insubstantial.  The Magistrate Judge explained that defense counsel's performance could not be ineffective unless it fell below an objective standard of reasonableness.   Report and Recommendation at 26.  In particular, the Magistrate Judge pointed out that Petitioner consented to defense counsel's strategic decision not to present a self-defense claim.  The Magistrate Judge properly opined that counsel's decisions were reasonable, given the facts of this case, and did not constitute ineffective assistance of counsel.

Likewise, the Magistrate Judge properly concluded that Petitioner's allegations of perjury are not supported by any factual basis.  The Magistrate Judge explained that Petitioner's unsubstantiated contentions that the witnesses' testimonies are inconsistent do not demonstrate  a due-process violation.  Report and Recommendation at 24-25.  Further, Petitioner had presented no evidence to show that the prosecutor knew or should have known of any perjured testimony.  *Id.*

Last, regarding Petitioner's challenge to the sufficiency of the evidence, there is no indication that the Magistrate Judge failed to examine the entire trial court record.  Further, the Magistrate Judge properly applied the standard from the Antiterrorism and Effective Death Penalty Act ("AEDPA"), giving great deference to the decision of the Michigan Court of Appeals.  The Magistrate Judge correctly reasoned that the Michigan Court of Appeal's decision "easily withstands

scrutiny." Report and Recommendation at 37. In particular, the Michigan Court of Appeals correctly concluded that the evidence presented at trial was sufficient to prove premeditation and deliberation.

Having determined that Petitioner's objections should be denied and the Magistrate Judge's recommendation adopted, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues Petitioner raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.

Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue asserted.

A Final Order will be entered consistent with this Opinion.


Date: November  25, 2008                          /s/ Janet T. Neff                           
                                                 JANET T. NEFF
                                                 United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID DOUGLAS McCLOY,

     Petitioner,                          Case No. 5:06-cv-04

v                                      HON. JANET T. NEFF

MARY BERGHUIS,

     Respondent.
_____/


**FINAL ORDER**

     In accordance with the Opinion entered this date:

     **IT IS HEREBY ORDERED** that the objections (Dkt 58) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 57) is APPROVED and ADOPTED as the opinion of the Court.

     **IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

     **IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Date: November 25, 2008                /s/ Janet T. Neff_____
                                     JANET T. NEFF
                                     United States District Judge